J-S03019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JACQUELINE BURDETTE :
:
Appellant : No. 2529 EDA 2017

Appeal from the Judgment of Sentence July 10, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002237-2017

BEFORE: BENDER, P.J.E., PANELLA, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY PANELLA, J. **FILED JULY 09, 2018**

Jacqueline Burdette appeals the judgment of sentence entered after she pled *nolo contendere* to charges of possession of a small amount of marijuana, institutional vandalism, and resisting arrest. She asserts she was not competent to be tried for these charges. Furthermore, her court-appointed counsel, J. Anthony Foltz, Esquire, seeks permission from this Court to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant Attorney Foltz leave to withdraw.

Prior to addressing the merits of Burdette's requested appeal, we must examine Attorney Foltz's request to withdraw. Attorney Foltz has substantially

---

* Former Justice specially assigned to the Superior Court.

complied with the mandated procedure for withdrawing as counsel. *See*

*Santiago*, 978 A.2d at 361 (articulating *Anders* requirements);

*Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (providing

that counsel must inform client by letter of rights to proceed once counsel

moves to withdraw and append a copy of the letter to the petition). Burdette

has not filed a response to counsel's petition to withdraw.

Counsel has identified one issue Burdette believes entitles her to relief:

"Was Ms. Burdette mentally competent to stand trial or to plead guilty to the

offenses charged against her due to her mental illness?" Appellant's Brief, at

6.

"A defendant is presumed to be competent to stand trial, and the burden

is on the defendant to prove by a preponderance of the evidence that he is

incompetent to do so." *Commonwealth v. Blakeney*, 108 A.3d 739, 752

(Pa. 2014) (citation omitted).

> Competency to stand trial is measured by the relationship between counsel and client: To be deemed competent, the defendant needs to have the ability to consult with counsel with a reasonable degree of understanding, in order to participate in his defense, and he must be able to understand the nature or object of the proceedings against him. The focus is properly on the defendant's mental capacity, *i.e.,* whether he has the ability to understand the proceedings.

*Id*. (internal citations omitted).

Counsel identifies several circumstances he believes support Burdette's

claim of incompetency. He points to the observations of the arresting officers

in their affidavit of probable cause, as well as a competency assessment from

"the Department of Diagnostic Services of the Court of Common Pleas of Delaware County," which indicated "she suffers from severe mental health problems, [such as] bipolar disorder." Appellant's Brief, at 7, 10. Despite these circumstances, counsel concludes the guilty plea transcript establishes Burdette's *nolo contendere* pleas were knowing and voluntary.

However, Burdette's claim fails for a more fundamental reason. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). The competency assessment is not in the certified record. Nor is there any indication the trial court ever ruled on Burdette's competency. The docket entries do not reveal any motion raising this issue, and the only transcript, from the plea colloquy, does not reveal that Burdette made an issue of her competency.

Other than the allegation of a competency assessment dated February 16, 2017, *see* Appellant's Brief, at 7, which is approximately two months before the record was bound over from the district magistrate's office, there is nothing in the record that indicates this issue was presented to the Court of Common Pleas. The issue is thus waived for purposes of appeal.

We have reviewed the certified record and can find no other issues of arguable merit and agree with counsel's assessment that the appeal is wholly frivolous. As Attorney Foltz has complied with all the requirements to withdraw, we grant his petition and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/18